Date signed May 04, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| EULAR DENISE OWENS | : | Case No. 05-16822PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| EULAR DENISE OWENS | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 05-1795PM |
| FRED T. GHEEN, TRUSTEE | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case is before the court on the Debtor's Motion for Summary Judgment. Debtor filed a Complaint seeking to have the Confessed Judgment Lien that is said to have been entered February 3, 2004, avoided by virtue of Md. Code Comm. Law Ann. § 13-301(b)(12) (2005). That statute provides that it is an unfair or deceptive trade practice to use a contract related to a consumer transaction "which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action."

It is agreed that the transaction in question involving the purchase of the subject real property by the Debtor, was a consumer transaction. Prince George's County, Maryland, land records reflect that the subject property was sold by one Michael A. Grant to the Debtor on January 30, 2004, at a price of $145,000.00. Debtor's Complaint reflects that the Defendant was the seller of the property through "a power of attorney."

Defendant argues that the plain reading of § 13-301(b)(12) requires two findings, first, that there be a confessed judgment and, second, that something in the debt instrument waives the consumer's right to assert a legal defense to the action.  Inasmuch as the Confessed Judgment was opened by the Circuit Court for Prince George's County, Maryland, the Defendant urges that the right to assert a legal defense was not waived..  This plain reading argument is muddied by a letter written by Defendant's counsel to the Consumer Protection Division of the State of Maryland that is before the court as Plaintiff's Exhibit 3.  In that letter, counsel for the Defendant acknowledges that his client was unaware of the statutory section and that he will consent to the relief described in Md. Code Com. Law Ann. 13-403 (2005), that is, to cease and desist in the future from requiring any promissory notes containing confessed judgment clauses that waive legal defenses in connection with any consumer loans.  The Consumer Protection Act found in Titles 13 and 14 of the Commercial Law Article was declared in Section 13-102 as a remedial statute to "alleviate the growing problem of deceptive consumer practices."  It has long been the law of Maryland that statutes remedial in nature are to be liberally construed to effectuate their purposes.  *State v. Barnes*, 328 A.2d 737 (Md. 1974).

The court is left with a situation where it must interpret a Maryland statute that has some ambiguity without the benefit of a decision of either the Maryland Court of Appeals or the Maryland Court of Special Appeals.  The only way that this could be obtained would be pursuant to a request for certification pursuant to the Maryland Uniform Certification of Questions of Law Act, Cts. & Jud. Proc. Art., 12-601, et seq. (2002).  The court will leave that option open to any court reviewing this court's final decision.

Based upon the record before it, the court is not prepared to enter summary judgment for either party.  *Sakaria v. TWA*, 8 F.3d 164 (CA4 1993).  What would be helpful to the court would be to have the testimony of an individual speaking on behalf of the agency charged with enforcing the Consumer Protection Article to clear up this ambiguity.  An appropriate order will be entered.

cc:
R. Manny Montero, Esq., 1110 Bonifant Street, Suite 510, Silver Spring, MD 20910
Richard S. Basile, Esq., 6305 Ivy Lane, Suite 416, Greenbelt, MD 20770
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Philip Ziperman, Office of the Attorney General, Consumer Protection Division,
    200 Saint Paul Place, Baltimore, MD 21202-2021

**End of Memorandum**