Date signed November 29, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EULAR DENISE OWENS | : | Case No. 05-16822PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| EULAR DENISE OWENS | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 05-1795PM |
| FRED T. GHEEN, TRUSTEE | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| | : | |
| CONSUMER PROTECTION DIVISION | : | |
| AMICUS CURIAE | : | |
| Other Party | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

Before the court is the Complaint filed by the Debtor, Eular Denise Owens, to determine the secured status, validity of lien, or avoid the judgment lien of Fred T. Gheen, Trustee, and the opposition thereto. The trial was conducted on May 18, 2006. Because of the deplorable state of the record presented, at the conclusion of the trial the parties were directed to produce a summary of the payments in question and the records supporting the payments and credits (Trial Transcript 57-59). Rather than facilitating the decision of the court, the parties merely filed Memoranda in support of their various positions.

The main issue in this case is the validity of a Judgment by Confession entered against the Debtor and her husband, Ira Owens, on February 5, 2004, in the Circuit Court for Prince George's County in favor of Mr. Gheen (Gheen Exhibit 15) . The Judgment by Confession resulted from a Promissory Note with a confessed judgment clause dated December 1, 2003, signed by the Debtor and Ira Owens in favor of Mr. Gheen (Gheen Exhibit 1).[1]  Plaintiff contends that the use of a promissory note with a confessed judgment clause in a consumer transaction is an unfair business practice proscribed by MD. CODE ANN. COM. LAW §13-301(12) (2005).[2]  That Judgment by Confession was opened by the Circuit Court for Prince George's County, Case No. CAL04-02518 (see Gheen Exhibits 14 and 15), but the status of that proceeding is unclear. The Promissory Note bears the signature of a witness, Teresa T. Davis. For whatever merit this has to the discussion, the court finds as a fact that Ms. Davis did not witness the agreement at the time of its execution.

Aside from the Promissory Note dated December 1, 2003, the following documents are noteworthy:

**Gheen Exhibit 6**  -   Settlement Statement of the sale of 1416 Woodlark Drive, District Heights, Maryland, to the Debtor, now Debtor's residence, dated November 25, 2003.  This document is noteworthy in that the address of the Seller is given as the Woodlark Drive address, and the address of the Debtor is given as 3455 Minnesota Avenue, S.E., Washington, D.C. The Woodlark property was occupied at the time of the sale by the Debtor. In addition, the Seller is listed as Michael A. Grant.

**Gheen Exhibit 11**  -  Settlement Statement for the sale of 3455 Minnesota Avenue, S.E., Washington, D.C., with Ira Owens as Seller, dated March 12, 2003. The settlement statement was signed for Ira Owens by Mr. Gheen under a Power of Attorney.

**Gheen Exhibit 7**  -  Agreement to Sell Real Estate - 1416 Woodlark Drive, District Heights, Maryland, dated April 22, 2003. While this Agreement was signed by Fred T. Gheen,

---

[1] The court understands that Ira Owens was employed by Mr. Gheen at all times material to this controversy.

[2] Md. Code Ann. Comm. Law §13-301(12) provides: "Unfair or deceptive trade practices include any: (12) Use of a contract related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action. . . ."

Trustee, as Seller, the property appears to have been conveyed by Michael A. Grant, whose initials appear in various places among Mr. Gheen's records found in Exhibit 10, and Mr. Grant is listed as the Seller on the Settlement Statement, Gheen Exhibit 6.

**Gheen Exhibit 8** - <u>Agreement to Sell Real Estate - 3455 Minnesota Avenue, S.E. Washington D.C.</u>   The Agreement is signed by Seller as "Fred T. Gheen P/A," although elsewhere in the Agreement, the Seller is listed as "Ira & Eulah Owens."  Gheen Exhibit 12 is a special power of attorney granted by Ira Owens to Fred T. Gheen dated September 2, 2002.  The grantor's address is given as 1416 Woodlark Drive, District Heights, Maryland, and the power of attorney was granted to sell the 3455 Minnesota Avenue, S.E., Washington, D.C., property.  The Debtor is not named in the special power of attorney documents and is not a signatory to the document.

While Exhibits 7 and 8, the sale agreements, appear to have been prepared by the same individual, there is a notable difference between them.  Paragraph 4 of the agreement to sell the 1416 Woodlark Drive property provided for all closing costs to be paid by the Seller.  The agreement to sell the 3455 Minnesota Avenue, S.E. property struck out (by hand) the pertinent provisions of paragraph 4, but added at paragraph 22 that Seller agrees to pay all buyer's closing costs, excluding any prepaid items.  In addition, the agreement to sell the 1416 Woodlark Drive property provided that the Seller was holding $4,311.26 in proceeds from the sale of the 3455 Minnesota Avenue, S.E. property, and the Debtor was entitled to a credit of $3,000.00 under a rental agreement with Mr. Gheen and a credit of $1,200.00 under a security deposit.  Despite this contract provision, settlement charges of $9,932.20 were imposed upon the Debtor per the Settlement Statement for the sale of the 1416 Woodlark Drive property (Gheen Exhibit 6).

To further complicate matters, it is very difficult to understand the general ledgers for the charges that are said to serve as the basis for this claim (Gheen Exhibit 9 - charges related to 3455 Minnesota Avenue, S.E., and Gheen Exhibit 10 - charges related to 1416 Woodlark Drive). Particularly confusing are loan draws in the name of the Seller of the property, loan fees paid to the Seller, and charges without any explanation whatsoever.  In addition, charges were made for repairs to the 3455 Minnesota Avenue property, and it is very difficult to see from the record what benefit the Debtor got from such repairs.  Also, the Debtor's husband, Ira Owens, is charged bookkeeping charges, investment planning charges, travel expenses, and several other matters that defy rational explanation.  For example, in Gheen Exhibit 9 there is a handwritten

notation "6490 Main a/c Mainly pay off old bills to clear credit report p 3." Inasmuch as the 1416 Woodlark Drive property was purchased by the Debtor, Eular Owens, in her sole name, the court does not understand the importance to her of having Ira Owen's credit report enhanced. However, one item charge listed on the general ledgers is agreed to, and that is that there was a loan made by Mr. Gheen to the Debtor in the sum of $2,000.00, of which $1,100.00 remains owing (see Gheen Exhibit 10).

The court believes the testimony of the Debtor concerning the circumstances surrounding the execution of the December 1, 2003 Promissory Note. According to her testimony, the Debtor and her husband were called into Mr. Gheen's office the day before they were to settle on the purchase of the 1416 Woodlark Drive property and were told that there would be no sale unless they signed the Promissory Note. While the Promissory Note provided for joint and several liability, all that the court can ascertain that the Debtor owed Mr. Gheen at the time of the execution of the Note was the $1,100.00 balance on the loan to her. No other consideration can be imputed for her signing this obligation other than this loan. For this reason, the claim as to her is limited to the loan balance.

For whatever comfort it may be to Mr. Gheen, Ira Owens' obligation to him would seem to be in the full amount of the Note, regardless of the existence *vel non* of consideration, as his signature line, unlike the signature line for Eular D. Owens, ends with "(Seal)." Thus, consideration is implied for his signature. See Twining v. National Mortgage Corp., 302 A.2d 604, 605-606 (Md. 1973). But this observation is only dicta.

Finally, the court reaches the issue of the validity of the Promissory Note's confessed judgment clause. Because of the decision above, and also because the judgment has been opened by the Circuit Court for Prince George's County, the court need not inquire as to whether this obligation was in fact a consumer loan that calls forth for the protection of the Maryland Consumer Protection Act, Md. Code Ann. Comm. Law § 13-301 et seq. (2005). This issue is one that the court is unprepared to answer and, were it material to this case, it would seek certification of the issue to the Maryland Court of Appeals. In the circumstances, that is not necessary.

An appropriate order will be entered.

cc:

R. Manny Montero, Esq., 1110 Bonifant Street, Suite 510, Silver Spring, MD 20910
Richard S. Basile, Esq., 6305 Ivy Lane, Suite 416, Greenbelt, MD 20770
Philip D. Ziperman, Consumer Protection Division, Office of the Attorney General
      200 St. Paul Place, Fl. 16, Baltimore, MD 21202
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum**